# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

FILED BY _____ D.C.
05 MAY 12 PH 1: 35
ROBERT R. DI TROLIO
CLERK OF US DIST CT.
W/D OF TN.JACKSON

BRYAN SAMUEL MOONEY, a minor,      )
by and through his parent,          )
LISA MOONEY and LISA MOONEY,        )
Individually,                       )
                                    )
      Plaintiffs,                   )
                                    )
VS.                                 )    No. 04-1190-T-P
                                    )
SUSAN WALLACE, et al.,              )
                                    )
      Defendants.                   )

---

## ORDER DENYING MOTION TO CONSOLIDATE

---

Plaintiffs have moved to consolidate this action with four other cases pending before the court: Moore v. Wallace, civil action number 04-1191-T-P, Robbins v. Wallace, civil action number 04–1294-T-P, Dyer v. Wallace, civil action number 05-1004-T-P, and Rhodes v. Wallace, civil action number 05-1020-T-P.[1] According to Plaintiffs, these five cases "involve common questions of law and fact, relate to the same circumstances, plead the same causes of action, and involve the same defendants." Plaintiffs' Memo. at p. 1. Defendants have responded to the motion and oppose consolidation. For the reasons set forth below, Plaintiffs' motion to consolidate is DENIED.

Federal Rule of Civil Procedure 42(a) provides that,

---

[1] The parties have agreed to consolidate the cases for the limited purpose of discovery.

**This document entered on the docket sheet in compliance**
**with Rule 58 and/or 79 (a) FRCP on** 5\|12\|05



> [w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Rule 42(a) grants the district court discretion in determining whether to consolidate actions in order "to administer the court's business 'with expedition and economy while providing justice to the parties.'" Advey v. Celotex Corp., 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting 9 Wright & Miller, Federal Practice and Procedure § 2381 (1971)). Cases should be consolidated only if the risks of prejudice and confusion are outweighed by other factors including "the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources...." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir.1985) (quoting Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir.1982), cert. denied, 464 U.S. 1040 (1984)).

> [T]he mere fact that a common question is present, and that consolidation is therefore permissible under Rule 42(a), does not mean that the trial court judge must order consolidation. There are many reasons why a district court judge may deny a request for the consolidation of separate cases. For example ... if consolidation ... will lead to confusion or prejudice in the management of the trial of the case.

9 Wright & Miller, *Federal Practice and Procedure* (1995).

Here, although the actions involve some common questions of law and fact, the abuse allegedly inflicted by Defendant Wallace on each minor plaintiff[2] varies in type, length of

---

[2] The minor plaintiffs were special education students in Defendant Wallace's classroom. Defendant Wallace allegedly subjected each minor plaintiffs to various forms of abuse.

time, and severity.  Plaintiffs acknowledge that the cases are "factually intense."  Plaintiffs

Memo. at p. 3.  While Plaintiffs are correct that having five separate trials will be more

time-consuming, costly, and burdensome for the common witnesses and attorneys, the

potential of prejudice to Defendants outweighs this concern.  Each case is based on what

allegedly happened to each individual child, and the trier of fact must determine whether

Plaintiffs have proven those allegations as to each child.  If the cases are tried together, a

verdict could potentially be a product of confusion and prejudice based on the cumulative

evidence.

Because the risks of confusion and prejudice to Defendants outweigh any benefits if

the cases are consolidated, Plaintiffs' motion to consolidate is DENIED.

IT IS SO ORDERED.


_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_____
DATE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 26 in case 1:04-CV-01190 was distributed by fax, mail, or direct printing on May 12, 2005 to the parties listed.

Jennifer Craig
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

Jon A. York
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

James Brandon McWherter
SPRAGINS BARNETT COBB & BUTLER
P.O. Box 2004
Jackson, TN 38302--200

Larry L. Crain
BRENTWOOD LAW OFFICES
5214 Maryland Way
Ste. 402
Brentwood, TN 37027

Jason B. Rudd
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Russell E. Reviere
RAINEY KIZER REVIERE & BELL
209 E. Main Street
Jackson, TN 38302--114

Charles M. Purcell
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

Honorable James Todd
US DISTRICT COURT