IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRYAN SAMUEL MOONEY, a minor, )
by and through his biological mother, )
LISA MOONEY; LISA MOONEY, )
Individually, )
)
)   No. 1:04-1190-JDT-An
Plaintiffs, )
)
VS. )
)
)
SUSAN WALLACE, Individually; )
HENDERSON COUNTY BOARD OF )
EDUCATION, )
)
Defendants. )

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SUSAN
WALLACE'S MOTION TO DISMISS

Plaintiffs, Bryan Samuel Mooney and his mother, brought this action initially in the Circuit Court for Henderson County, Tennessee, against Defendants Susan Wallace and the Henderson County Board of Education. Plaintiffs alleged negligence, assault, battery, intentional and negligent infliction of emotional distress, and violations of Bryan's civil rights under 42 U.S.C. § 1983. On August 16, 2004, Defendant Henderson County Board of Education ("the Board") removed the case to this court pursuant to 28 U.S.C. § 1441. Susan Wallace now moves to dismiss Plaintiffs' § 1983 claims that are based upon the Fourth and Eighth Amendments. For the following reasons, Susan Wallace's motion to

dismiss Plaintiffs' Eighth Amendment claim is GRANTED and her motion to dismiss Plaintiffs' Fourth Amendment claim is DENIED.

I.

Bryan Samuel Mooney and his mother, Lisa Mooney (collectively "Plaintiffs"), are residents of Henderson County, Tennessee. At the time of the events leading to this lawsuit, Bryan was four (4) years old. (See Pls.' Compl. at ¶¶ 1, 8, 14). During late 2003, Bryan began attending preschool at Beaver Elementary School in Henderson County. (See Pls.' Compl. at ¶¶ 7, 8). Because he suffered from a speech impediment that interfered with his ability to communicate, Bryan was a "special needs" student and the school placed him in a special education classroom. (See Pls.' Compl. at ¶¶ 9, 10, 11). Defendant Susan Wallace ("Wallace") was the teacher who was assigned to this special education classroom. (See Pls. Compl. at ¶ 14).

According to Plaintiffs, as soon as Bryan began attending Wallace's class, Wallace engaged in various forms of abuse directed toward Bryan and other students. Specifically, Plaintiffs claim that Wallace took advantage of her disciplinary authority over Bryan and the other students by, among other things, screaming at Bryan uncontrollably and on a daily basis, taping Bryan's mouth shut so that he could not talk and holding him down so that he could not move, punishing him for "missing the toilet" and for not flushing it, striking him with inappropriate objects such as flyswatters, hitting him with her hands, and committing

2

"other inappropriate and dangerous acts and disciplinary measures." (See Pls.' Compl. at ¶ 16). Plaintiffs have also suggested that Wallace may have required Bryan and other students to "drink water from a toilet." (See Pls.' Mem. Opp. Wallace's Mot. to Dismiss at 2). These alleged misdeeds took place on an uninterrupted basis until early to mid-2004, when the Board removed Wallace as a result of a related criminal investigation. (See Pls.' Compl. at ¶ 14).

Bryan filed suit in state court through his mother, who also brought an action in her individual capacity. (See Compl.). Plaintiffs named Wallace and the Board as Defendants. Plaintiffs asserted claims under state tort law and under 42 U.S.C. § 1983. The Board then removed Plaintiffs' claims to this court.

Before the court is a motion, by Wallace, to dismiss two of Plaintiffs' § 1983 claims. Wallace first moves to dismiss Plaintiffs' claim that her alleged actions constitute "cruel and unusual punishment" under the Eighth Amendment. Wallace argues that the Eighth Amendment is simply an improper constitutional framework within which to consider the abusive conduct of a public school teacher toward her students. Second, Wallace seeks dismissal of Plaintiffs' civil rights claim in so far as it is premised upon the Fourth Amendment. In particular, Wallace contends that, because the "principal concern" of the Fourth Amendment is "intrusions on privacy in the course of criminal investigations," (see Wallace's Mem. Supp. Mot. to Dismiss at 2), the Fourth Amendment does not operate to protect public school students from excessive force inflicted upon them by public school

3

teachers who abuse their disciplinary authority. Plaintiffs' have responded to both of these arguments. (See Pls.' Mem. Opp. Wallace's Mot. to Dismiss at 3–6).

II.

Wallace's motion to dismiss is governed by Rule 12 of the Federal Rules of Civil Procedure. Rule 12 provides for dismissal of an action when the complaint "fails to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When deciding a 12(b)(6) motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of [the] claims that would entitle [the plaintiff] to relief." Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996).

A person who sues under § 1983[1] must establish two elements to prevail. First, the plaintiff must show that he was deprived of a right secured by the United States Constitution or the laws of the United States. Second, he must demonstrate that he was subjected or caused to be subjected to the constitutional deprivation by a person acting under color of

---

[1] § 1983 provides, in relevant part, that,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983.

4

state law. Davenport v. Simmons, 192 F. Supp.2d 812, 817–18 (W.D. Tenn. 2001) (citing Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994) (citing Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978))). Here, the issue is whether the allegations of the complaint, taken as true and viewed in Plaintiffs' favor, would constitute a violation of "a right [or rights] secured by the United States Constitution" and remediable under § 1983.

III.

A. The Eighth Amendment

The Eighth Amendment to the United States Constitution provides that, "[e]xcessive bail shall not be required, nor excessive fines imposed, *nor cruel and unusual punishments inflicted.*" U.S. CONST. amend. VIII[2] (emphasis added). The Supreme Court has concluded that only a certain subcategory of "cruel and unusual" government behavior, or "punishment," violates the Eighth Amendment as opposed to some other constitutional provision or to none at all. See, e.g., Ingraham v. Wright, 430 U.S. 651 (1977). Specifically, the Court has held that government conduct is not to be scrutinized under the amendment unless and until the government has secured a formal adjudication of the "punished" person's guilt in a criminal prosecution. See id. at 671 n.40 (citing United States

---

[2]The amendment is applicable to the states and to state actors by virtue of the Due Process Clause of the Fourteenth Amendment. See U.S. CONST. amend. XIV, § 1 ("No State shall . . . deprive any person of life, liberty, or property, without due process of law."); Robinson v. California, 370 U.S. 660, 666 (1962); Louisiana *ex. rel.* Francis v. Resweber, 359 U.S. 459, 463 (1947).

5

v. Lovett, 328 U.S. 303, 317–18 (1946). The Court's reasoning was grounded in the text and history of the amendment as well as in prior precedent. Id. at 664–68 (noting that the "primary purpose of [the Cruel and Unusual Punishments Clause] has always been considered, and properly so, to be directed at the method or kind of punishment imposed for violation of criminal statutes") (quoting Powell v. Texas, 392 U.S. 514, 531–32 (1968)).

Despite the obvious meaning of Ingraham as applied to the facts of this case, Plaintiffs nonetheless argue that this court should either factually distinguish this case or "change . . . the law." Plaintiffs first argue that what Wallace allegedly did to Bryan was subjectively more "cruel and unusual" than what happened to the petitioners in Ingraham. (See Pls.' Mem. Opp. Wallace's Mot. to Dismiss at 3–4). Those petitioners, however, claimed state conduct that was far more egregious than Plaintiffs acknowledge. One petitioner claimed that two assistant principals had grabbed him and hit him twenty (20) times with a paddle, and the other petitioner claimed that he had been paddled on his arm, back, neck, and wrist. See Ingraham v. Wright, 525 F.2d 909, 911 (5th Cir. 1976), aff'd, 430 U.S. 651 (1977). Thus, contrary to Plaintiffs' attempt to draw a distinction between "mere" corporal punishment and "cruel and unusual" corporal punishment, Ingraham did not base its decision on any such distinction but instead simply held the Eighth Amendment inapplicable to punishment, of whatever severity, inflicted by public school officials exercising disciplinary authority in the public school system, Ingraham v. Wright, 430 U.S. 651, 671 (1977).

6

Plaintiffs also point out that Ingraham was decided almost three (3) decades ago and that only five (5) Justices signed the majority opinion limiting the Eighth Amendment to the post-conviction treatment of criminal offenders. (See Pls.' Mem. Opp. Wallace's Mot. to Dismiss at 4). Apparently, Plaintiffs consider the length of time that has transpired since Ingraham was decided as a factor that would justify changing instead of adhering to precedent. Even if the court agrees, neither time nor a persuasive dissent would permit this court to disregard an unambiguous and applicable decision of the Supreme Court.

Last, Plaintiffs contend that, because of "the evolution of our society," the Supreme Court would likely hold that the abuse alleged in this case was cruel and unusual and violated the Eighth Amendment. (See Pls.' Mem. Opp. Wallace's Mot. to Dismiss at 4). In other words, Plaintiffs insist that society in 1977 may have tolerated screaming at a student, taping his mouth shut and holding him down to subdue him, striking him with flyswatters and bare hands, and/or forcing him to drink from a commode, but that society in 2005 would necessarily condemn such conduct by a public school teacher. This argument is not persuasive because it confuses the question of whether the Eighth Amendment is even a relevant limit on particular government conduct with the question of whether conduct admittedly governed by the Eighth Amendment (such as the execution of a prisoner) has become "cruel and unusual" under society's "evolving standards of decency." See Ingraham, 430 U.S. at 668 n.36 (noting that the concept of cruel and unusual *criminal punishment* may "become[] enlightened by a humane justice"); see also Roper v. Simmons,

7

125 S.Ct. 1183, 1190 (2005) (discussing "evolving standards of decency" in the death penalty context). This case is concerned only with the first question, and the answer to that question is controlled by Ingraham and not amenable to any evolving standards other than those enunciated by the Supreme Court itself.

Indeed, the factual allegations of Plaintiffs' complaint do accuse Wallace of serious, severe, "cruel and unusual" conduct. (See Pls. Compl. and Mem. Opp. Wallace's Mot. to Dismiss). Viewing those accusations in Plaintiffs' favor, the conduct was also arguably imposed as some form of "punishment" against Bryan. Notwithstanding and assuming all of this, such punishment by this defendant simply does not implicate the Eighth Amendment. The "plaintiff undoubtedly can prove no set of facts in support of [the] [Eighth Amendment] claims that would entitle [the plaintiff] to relief." See Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996) (second brackets added).

Accordingly, Wallace's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Eighth Amendment claim is GRANTED.

## B. The Fourth Amendment

Wallace also seeks dismissal of Plaintiffs' federal claims to the extent that those claims are premised upon the Fourth Amendment proscription against "unreasonable . . . seizures." Even though Plaintiffs allege that Wallace restrained Bryan by, for instance, taping his mouth shut and holding him down, the Complaint does not mention the Fourth

8

Amendment as a § 1983 predicate. Because Plaintiffs have not even made that claim, this court cannot dismiss it. Therefore, Wallace's 12(b)(6) Motion to Dismiss the non-existent portion of these Plaintiffs' complaint is DENIED.

IV.

For the foregoing reasons, Wallace's Motion to Dismiss Plaintiffs' Eighth Amendment claim is GRANTED and her Motion to Dismiss Plaintiffs' Fourth Amendment claim is DENIED.

IT IS SO ORDERED.

*/s/ James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

August 25, 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 48 in case 1:04-CV-01190 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

---

Jon A. York
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

R. Dale Thomas
RAINEY KIZER BUTLER REVIERE & BELL
209 East Main Street
Jackson, TN 38302--114

Jason B. Rudd
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Jennifer Craig
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

Larry L. Crain
BRENTWOOD LAW OFFICES
5214 Maryland Way
Ste. 402
Brentwood, TN 37027

Charles M. Purcell
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

Jonathan David Stewart
RAINEY KIZER BUTLER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Russell E. Reviere
RAINEY KIZER REVIERE & BELL
209 E. Main Street
Jackson, TN 38302--114

James Brandon McWherter
SPRAGINS BARNETT COBB & BUTLER
P.O. Box 2004
Jackson, TN 38302--200

Clinton H. Scott
SPRAGINS BARNETT COBB & BUTLER
312 East Lafayette St.
Jackson, TN 38302--200

Honorable James Todd
US DISTRICT COURT