FILED BY bdg D.C.
05 NOV 29 PM 12: 07
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRYAN SAMUEL MOONEY, et al.

Plaintiffs,

vs. — Civ. No. 04-1190-T/P

SUSAN WALLACE, HENDERSON COUNTY BOARD OF EDUCATION,

Defendants,

---

JACOB RHODES, et al.,

Plaintiffs,

vs. — Civ. No. 04-1191-T/P

SUSAN WALLACE, HENDERSON COUNTY BOARD OF EDUCATION,

Defendants,

---

ZACHARY ROBBINS, et al.,

Plaintiffs,

vs. — Civ. No. 04-1294-T/P

SUSAN WALLACE, HENDERSON COUNTY BOARD OF EDUCATION,

Defendants,

---

DALTON DYER, et al.,

Plaintiffs,

vs. — Civ. No. 05-1004-T/P

SUSAN WALLACE, HENDERSON COUNTY BOARD OF EDUCATION,

Defendants,

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-29-05

72

| | | |
|---|---|---|
| HALEY NICOLE RHODES, et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Civ No. 05-1020-T/P |
| SUSAN WALLACE, HENDERSON COUNTY BOARD OF EDUCATION, | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANT HENDERSON COUNTY BOARD OF EDUCATION'S MOTIONS FOR PROTECTIVE ORDER AND IN CAMERA INSPECTION AND DEFENDANT SUSAN WALLACE'S MOTIONS FOR PROTECTIVE ORDER**

Before the court are Motions for Protective Order and In Camera Inspection and Request for Expedited Hearing, filed by defendant Henderson County Board of Education on October 28, 2005, and Motions for Protective Order filed by defendant Susan Wallace on November 4, 2005. Plaintiffs filed their responses on November 9, 2005. These motions were referred to the United States Magistrate Judge for determination. On November 21, 2005, the court held an expedited hearing on the motions. Counsel for all parties were present and heard. For the reasons below, the motions are DENIED.

## I. BACKGROUND

These five lawsuits (hereinafter the "Wallace cases") stem from allegations that defendant Susan Wallace physically and/or

sexually abused the minor plaintiffs while they were special education students at Beaver Elementary School in Henderson County, Tennessee, and that the Henderson County School Board acted with deliberate indifference to the abuse. The students and their parents filed these lawsuits in state court alleging various state and federal claims against Wallace and the School Board for injuries and damages sustained as a result of the abuse. The Wallace cases were subsequently removed to federal court. All of the plaintiffs are represented by the same counsel.

During this litigation, on September 14, 2004, plaintiffs' counsel sent a letter to the Department of Children's Services ("DCS") requesting all records relating to DCS's investigation of Wallace's alleged abuse of Dalton Dyer, Bryan Mooney, Jacob Rhodes, and Zachary Robbins. An attorney for DCS informed plaintiffs' counsel that DCS would produce a redacted version of the DCS investigation files provided that the court, due to the confidential nature of the files, enter a protective order. Plaintiffs' counsel prepared a proposed protective order and forwarded it to opposing counsel for review. According to a letter dated November 4, 2004, counsel for Wallace initially agreed to sign the protective order. The School Board, however, refused to agree to the order. On December 10 and 14, 2004, plaintiffs' counsel communicated with DCS counsel, who agreed to produce the DCS investigation files for Bryan Mooney, Jacob Rhodes, Dalton

Dyer, and Zachary Robbins to plaintiffs' counsel without a protective order.[1] The records were produced on December 22, 2004, with the name of the person(s) reporting the abuse redacted from the files. Plaintiffs have offered to make these DCS investigation files available to the defendants if they would agree to a protective order. Defendants have declined to enter into a protective order, and instead filed the present motions asking the court, among other things, to prohibit the plaintiffs from using the DCS files in discovery and at trial.

## II. ANALYSIS

Under Tennessee law, DCS investigation files are confidential, and unauthorized disclosure of such files is unlawful. See T.C.A. § 37-1-409 (2005); Farley v. Farley, 952 F.Supp. 1232, 1238 (M.D. Tenn. 1997). Specifically, section 37-1-409(b) provides:

> Except as otherwise provided in this part, it is unlawful for any person, except for purposes directly connected with the administration of this part, to disclose, receive, make use of, authorize or knowingly permit, participate in, or acquiesce in the use of any list or the name of, or any information concerning, persons receiving services pursuant to this part, or any information concerning a report or investigation of a report of harm under this part, directly or indirectly derived from the records, papers, files or communications of the department or divisions thereof acquired in the course of the performance of official duties.

T.C.A. § 37-1-409(b). A violation of this section is a Class B

---

[1]DCS apparently did not conduct a formal investigation with respect to Haley Rhodes, and thus no records were produced by DCS for Haley Rhodes.

misdemeanor. T.C.A. § 37-1-409(f). However, T.C.A. § 37-1-409(c) provides that the DCS "shall . . . grant access to information to those persons specified in § 37-1-612." Subsection 612(c), in turn, provides in relevant part as follows:

> (c) In addition to such other persons as may be directly connected with the administration of this part, access to such records, excluding the name of the reporter, which shall be released only as provided in subsection (g), shall be granted to the following persons, officials, or agencies for the following purposes: . . .
>
> (6) An attorney or next friend who is authorized to act on behalf of the child, who is the subject of the records, for the purpose of recovering damages or other remedies authorized by law in a civil cause of action against the perpetrator or other person or persons who may be responsible for the actions of the perpetrator; and
>
> (7) An attorney or next friend who is authorized to act on behalf of another child, who has been the victim of other abuse by the same perpetrator, for the purpose of recovering damages or other remedies authorized by law in a civil cause of action against the perpetrator or other person or persons who may be responsible for the actions of the perpetrator against such other child; provided, however, that:
>
> (A) The name and identity of such other child shall be revealed only to the attorney or next friend of such other child, to the parties and to their respective counsel in the civil cause of action in which such damages or other remedies are sought, and to the trial judge who presides over the action;
>
> (B) An appropriate protective order must be entered prior to such disclosure; and

> (C) Before any attempt is made to introduce into evidence in the civil cause of action either the records or information obtained from the records, written consent must be obtained from:
>
> > (i) Each parent or guardian having sole or joint custody of such other child, if the child has not yet attained the age of majority; or,
> >
> > (ii) The former child, if such child has now attained the age of majority.

T.C.A. § 37-1-612(c). Thus, under section 37-1-612(c)(6) and (7), the plaintiffs are entitled to obtain redacted copies of the DCS investigation files and to use the files and the information contained therein for discovery and trial.

The defendants argue that section 317-1-612(c) does not apply in this case because that section falls under Part 6, which covers child *sexual* abuse, while section 37-1-409 falls under Part 4, which covers child abuse. Because all but one of the Wallace cases involve only allegations of child abuse (and not sexual abuse), the defendants contend that the exceptions under section 612(c) for sexual abuse do not authorize disclosure of the child abuse records.

The court disagrees. Section 37-1-409(c) specifically cross-references the exceptions under section 37-1-612, and adopting the defendants' statutory interpretation would effectively read out section 37-1-409(c) from the statute. The defendants would have the court treat child abuse and child sexual abuse records

differently under the statute, which would be contrary to the text and spirit of the statute. For example, section 37-1-602(b) states that "[t]he purpose of this [part 6 covering child sexual abuse] shall be the same as that of [part 4 covering child abuse] . . . , and, except as may be expressly herein provided, the provisions of this part shall not be construed as repealing any provisions of part 4 . . . , but shall be supplementary thereto and cumulative thereof." The defendants have not explained why sexual abuse records can be disclosed under the statute while child abuse records cannot, nor have the defendants provided the court with any authority to support their argument.

The defendants also argue that this court previously addressed this same issue in Cloudia Hill v. McNairy County Board of Educ., 1-03-1219 T/An (W.D. Tenn. Oct. 25, 2004), in which the court entered an order denying the defendants access to records of the Tennessee Department of Human Service's Adult Protective Services division. The court concludes that the Hill case is distinguishable on several grounds. First, this court in Hill addressed a different statute, the Tennessee Adult Protection Act ("TAPA"), T.C.A. § 71-6-101 et seq. Although the TAPA similarly prohibits unauthorized disclosure of agency records, unlike sections 37-1-409 and 37-1-612 the TAPA does not contain any statutory exceptions. Second, the agency in Hill filed a motion to quash the subpoena served on its employees, while in the Wallace

cases the DCS has not sought to prohibit the plaintiffs from obtaining redacted copies of the investigation files. In fact, DCS apparently agrees with the plaintiffs' interpretation of sections 37-1-409 and 612, and has already provided the plaintiffs with redacted files without a subpoena or protective order.[2] Third, this court in Hill was not presented with the same issue presently before the court, that is, whether the victim of child abuse can obtain the agency's investigation files. Rather, the Hill court addressed the different question of whether the School Board can obtain discovery of agency files. Under the TAPA, as well as under sections 37-1-409 and 37-1-612, the defendants would not be able to access these investigation files unilaterally. Instead, the defendants may access the records only because the plaintiffs have decided to invoke the disclosure exceptions under section 37-1-612. See, e.g., State v. Gibson, 973 S.W.2d 231, 244 (Ct. App. Tenn. 1998)(stating that "those accused of child sexual abuse are not among the exceptions to [section 37-1-612].").

As a final matter, plaintiffs stated at the November 21 hearing that they intend to use the DCS investigation files in a

---

[2]As a separate matter, since neither the minor victims, their parents, nor the DCS have opposed disclosure of the investigation files, it is unclear whether these defendants are entitled to any relief based on the alleged violation of the statute. The court need not resolve this issue, however, since the court concludes that the plaintiffs have not violated the statute and are entitled to access the redacted investigation files.

manner authorized by section 37-1-612(c)(7). This section requires that "[a]n appropriate protective order must be entered prior to such disclosure . . ." T.C.A. § 37-1-612(c)(7)(B). Therefore, within three (3) days from the date of this order, the plaintiffs shall hand-deliver to chambers a proposed protective order, agreed to by all the parties, for the court's approval.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

November 29, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 72 in case 1:04-CV-01190 was distributed by fax, mail, or direct printing on November 29, 2005 to the parties listed.

---

Jennifer Craig
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

Charles M. Purcell
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

R. Dale Thomas
RAINEY KIZER BUTLER REVIERE & BELL
209 East Main Street
Jackson, TN 38302--114

Larry L. Crain
BRENTWOOD LAW OFFICES
5214 Maryland Way
Ste. 402
Brentwood, TN 37027

Jonathan David Stewart
RAINEY KIZER BUTLER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

James Brandon McWherter
SPRAGINS BARNETT COBB & BUTLER
P.O. Box 2004
Jackson, TN 38302--200

Clinton H. Scott
SPRAGINS BARNETT COBB & BUTLER
312 East Lafayette St.
Jackson, TN 38302--200

Jason B. Rudd
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Jon A. York
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Russell E. Reviere
RAINEY KIZER REVIERE & BELL
209 E. Main Street
Jackson, TN 38302--114

Honorable James Todd
US DISTRICT COURT